UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM TUMANYAN,<br><br>  Plaintiff,<br><br>  v.<br><br>J. McCOMBER, et al.,<br><br>  Defendants. | No. 2:14-cv-2411 CKD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has paid the appropriate filing fee. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to this court's jurisdiction to conduct all proceedings and enter judgment in this action. (ECF No. 5.)

I. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.
6       In order to avoid dismissal for failure to state a claim a complaint must contain more than
7  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
8  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
9  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
10  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
11  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
12  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
13  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.
14  at 1949.  When considering whether a complaint states a claim upon which relief can be granted,
15  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
16  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
17  U.S. 232, 236 (1974).
18  II. Allegations
19       Plaintiff names as defendants the Warden, two correctional guards, a doctor, and a nurse
20  at California State Prison-Sacramento.  (ECF No. 1 at 5-6.)  He alleges that, on July 30, 2014,
21  when he attempted to kick another inmate, defendant Andrade used excessive force by slamming
22  him to the ground, breaking his nose, and "busting the right side of Plaintiff's head open,"
23  requiring stitches.  Defendant Mackenzie "[stood] by" during Andrade's actions.  Defendant
24  Nurse Grinde notified defendant Dr. Duc of plaintiff's injuries, but Duc failed to treat plaintiff
25  immediately and did not give him pain medicine prior to closing his head wound with eight staple
26  stiches.  Duc also "made no mention of plaintiff's broken nose," which was swollen; however,
27  attached medical records do not indicate that plaintiff's nose was broken.  A month after the
28  incident, plaintiff forwarded a grievance complaining of staff misconduct and inadequate medical

care to defendant Warden McComber.  Since the incident, plaintiff has been in severe pain and is not receiving adequate treatment or pain medications for his injuries.

Liberally construed, the complaint states an Eighth Amendment excessive force claim against Andrade and an Eighth Amendment medical indifference claim against Duc based on Duc's alleged failure to adequately treat plaintiff's pain during and after treating his head wound.[1]

As to defendants Mackenzie, McComber, and Grinde, plaintiff fails to state a cognizable claim.  Under § 1983, there must be an actual causal link between the actions of the named defendants and the alleged constitutional deprivation.  See Monell v. Dep't of Soc. Services, 436 U.S. 658, 691–92 (1978); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Plaintiff fails to causally link these defendants to acts which caused a constitutional injury.

Plaintiff will be given 30 days from the date of service of this order to amend his complaint to cure the deficiencies set forth above.  Plaintiff is not required to file an amended complaint, but failure to do so will be construed as plaintiff's consent to dismiss the above-mentioned defendants and causes of action with prejudice.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

III.  Exhaustion Requirement

In the complaint, plaintiff concedes that he has not exhausted state remedies by completing the prison's grievance process as to his claims.  (ECF No. 1 at 2.)  He states that his grievance was "rejected and returned to" him on September 3, 2014, and that he would be "returning" the rejected grievance and supporting materials on October 8, 2014.  (Id. at 9.)

---

[1] The court concludes that the other allegations against Duc, unrelated to pain treatment, do not amount to deliberate indifference under the Eighth Amendment.

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Compliance with the exhaustion requirement is mandatory for any type of relief sought. Booth v. Churner, 532 U.S. 731, 739 (2001) (holding that prisoners must exhaust their administrative remedies regardless of the relief they seek, i.e., whether injunctive relief or money damages).

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the action requested. The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. See Cal. Code Regs. tit. 15, § 3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Id. § 3084.1(b).

Here, because plaintiff filed this action on October 14, 2014, he was required to have completed the inmate appeals process as to his claims by that date. See Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (under 42 U.S.C. § 1997e(a), a prisoner "may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed."); see also Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012) ("a prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation."). Because plaintiff planned to re-submit his inmate appeal on October 8, 2014, it appears he did not properly exhaust his federal claims before filing suit. See Vaden, 449 F.3d at 1050 ("The complaint is 'brought' by the prisoner when he submits it to the court. Accordingly, the prisoner must have entirely exhausted administrative remedies by this point.")

Non-exhaustion under § 1997e(a) is an affirmative defense. Jones v. Bock, 549 U.S. 199, 211 (2007). In the Ninth Circuit, a defendant may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. Id. at 1169. Albino v. Baca, 747 F.3d

4

1162, 1169 (9th Cir. 2014) (*en banc*).  Plaintiff is cautioned that if he proceeds with this action, he risks dismissal of his claims for failing to exhaust administrative remedies prior to filing suit.

IV.  Motion for Injunction

Plaintiff has filed a motion for a preliminary injunction.  (ECF No. 2.)  Broadly speaking, he seeks an order enjoining defendants from violating his constitutional rights.

The legal principles applicable to a request for injunctive relief are well established.  To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  Id.

Here, plaintiff has shown neither a likelihood of success nor the possibility of irreparable injury.[2]  Accordingly, the undersigned will deny plaintiff's motion for injunctive relief.

V.  Limiting Order

Since commencing this action in October 2014, plaintiff has filed numerous evidentiary documents which are premature at this early stage of the litigation.  (ECF Nos. 6, 10, 12, 13-19.)  Many of these documents (i.e., plaintiff's mental health records) have no bearing on the issues in this case.  These frivolous filings impose a burden on this court and impede the proper prosecution of this action.  Plaintiff's future filings shall therefore be limited as set forth below.

/////

/////

---

[2] Though it is not clear whether plaintiff's numerous additional filings in this action are intended to support his motion for preliminary injunction, the undersigned has reviewed these documents.  (See ECF Nos. 6, 10, 12, 13-19.)  Nothing in them changes the above conclusion.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's claims against the following defendants are dismissed with leave to amend: J. McComber, W. Mackenzie, and K. Grinde.

2. If plaintiff elects to amend, any amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint";

3. If plaintiff elects to amend, the Amended Complaint shall be filed no more than thirty days from the date of this order; and

4. Upon the filing of an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

5. Plaintiff's motion for preliminary injunction (ECF No. 2) is denied.

6. Plaintiff's motion to proceed in forma pauperis (ECF No. 11) is denied as moot, as plaintiff has paid the filing fee.

7. Plaintiff may only file the following documents:

    a. One amended complaint, unless granted leave by the court to file additional amended complaints;

    b. One dispositive motion, limited to one memorandum of points and authorities in support of the motion and one reply to any opposition;

    c. One opposition to any motion filed by defendants (and clearly titled as such);

    d. Only one non-dispositive motion pending at any time. Plaintiff is limited to one memorandum of points and authorities in support of the motion and one reply to any opposition; and

    e. One set of objections to any future findings and recommendations.

Failure to comply with this order shall result in improperly filed documents being stricken from the record and may result in dismissal of this action.

Dated: December 18, 2014

                                                                 CAROLYN K. DELANEY  
                                                                 UNITED STATES MAGISTRATE JUDGE

2 / tuma2411.14.fee